THE WESTERN AND ATLANTIC RAILROAD COMPANY plaintiff in error, *vs.* MARY STRONG, defendant in error.

1. An action by a wife against a railroad company for the homicide of her husband by the negligence of its servants in the running of its train, is an action depending for its existence on the law of the state where the homicide occurred, and when such homicide occurred in the state of Tennessee, the right of action is in such person or persons, as is provided by the law of Tennessee.

2. When the right of action for the homicide of a husband and father is given by law to the personal representative, for the use of the wife and children, the wife cannot sue alone and in her own name.

3. An action for the homicide of a husband by the running of rail cars, charged to be by reason of negligence, either in the railroad company or its servants, is an action sounding in *tort*, and not an action *ex contractu*, but in determining whether the railroad company is liable, the relation of the deceased to the railroad, whether as an employee, or passenger, or stranger, are essential elements in deciding whether the killing was wrongful.

4. The right of the wife, or the representative to sue, depends upon the wrongfulness of the killing, and if the killing occurred under such circumstances as by the laws of the place of the killing, or by a legal contract between the parties, the railroad company was not guilty of any breach of duty to the deceased, the right of action does not accrue.

5. Although the language of our Code, section 2971, would seem to give a wife the right to sue for the homicide of her husband, in broad terms and without qualification, yet, in deciding whether a right to recover damages in any case exists, it must appear that the killing was a wrong, that is, that the defendant in such killing was guilty of a *breach of duty*, express or implied, which was due to the deceased, and if there was no such breach there can be no recovery.

6. If a railroad employee contract with his employer that he will assume all the risks of his employment, and will not hold the company liable for the negligence of its servants, and he be killed, under such circumstances as under his contract and under the law, he could not, had he lived, have recovered damages for an injury received, then his wife cannot recover damages for his death. The basis of the right of action in both cases is a breach of duty implied by law or assumed by contract, and if there be no such breach by the defendant the wife cannot recover.

Husband and wife. Laws. Railroads. Contracts. Before Judge HOPKINS. Fulton Superior Court. October Term, 1873.

Western and Atlantic Railroad Company *vs.* Strong.

Mary Strong, by her declaration, averred that the Western and Atlantic Railroad Company employed Macon Strong, her husband, as a brakesman, on January 1st, 1872, and that while thus employed, required him to work on a long train of cars going from Chattanooga, Tennessee, to Atlanta, Georgia; that in going from one car to another, in the night, without fault on his part, and on account of the improper, badly arranged and unworkmanlike coupling of said cars, he was thrown from the cars, run over, crushed, mangled and instantly killed, and in this way she was deprived of the support and maintenance which her husband was bound by law to provide, and that she was damaged $10,000 00.

The declaration was amended by averring that the laws of Tennessee are similar to the laws of Georgia in making defendant liable. That Macon Strong was not instantly killed, but was thrown upon the track, dragged under the train and along the track and severely bruised, so as to tear and break the flesh from his face, inflicting great agony of mind and pain upon him, and was afterwards drawn under the wheels and killed.

The defendant demurred to the declaration upon the following grounds:

1st. Because no cause of action is shown in said declaration.

2d. Because plaintiff's right to recover depends upon her husband's right to have recovered, and there was no law of force allowing him to have recovered anything against defendant.

*3d. Because the right of action, if there was any, by the laws of Tennessee, the place where said killing is alleged to have occurred, is in the personal representative of the husband killed and not in his widow.

The demurrer was overruled, and defendant excepted.

The defendant pleaded the general issue and special contract with Macon Strong, as follows:

*The declaration, as contained in the record, does not allege where the homicide was committed.

Western and Atlantic Railroad Company *vs.* Strong.

"OFFICE OF
"WESTERN AND ATLANTIC RAILROAD COMPANY,
"ATLANTA, February 26, 1872.

"This agreement witnesseth that Macon Strong has, at his own request, this day been employed on said railroad; and it is hereby understood between the parties, and expressly agreed, that the said Macon Strong, in consideration that the said Western and Atlantic Railroad Company will hire and pay him the wages stipulated, which is more than he can get elsewhere, will take upon himself all risk connected with, or incident to, his position on the road; and will, in no case, hold the company liable for any injury or damage he may sustain, while so employed, in his person or otherwise, by what are called accidents or collisions on the trains or road, or which may result from the negligence, carelessness, or misconduct of himself or any other employee or person connected with said road, or in the service of said company, or from any other cause.

"And it is further agreed that the company is to pay the said Macon Strong for no time lost from its service by accident, disability, or otherwise, but is to pay at the rate which may, from time to time, be agreed upon, only for the services actually rendered by the said Macon Strong, and the company reserves the right to discharge him, whenever they are not satisfied to retain him. And the said Macon Strong expressly waives and relinquishes any and all legal rights he may have, that are in conflict with this contract, and assumes all risk.

"In witness whereof, the said Macon Strong and said company, by Joseph E. Brown, its president, have hereunto set their hands and seals.     (Signed)

"MACON ⋈ STRONG, [L.S.]
his
mark.

"JOSEPH E. BROWN, [L.S.]
"*President Western and Atlantic Railroad Company.*

Attest—"J. G. W. WILLS,
"G. W. HUNT."

The evidence is unnecessary to an understanding of the opinion, except so far as it showed the homicide to have been in Tennessee. The jury found for the plaintiff $500 00. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to the following charge of the court: "If Strong's own negligence contributed to his death, then there could be no recovery in this case. If he failed to take that care of his person that a prudent man would take under similar circumstances, and that was the cause of his death, he could not recover, and plaintiff cannot recover."

2d. Because the verdict was contrary to the charge following: "If Strong was instantly killed there could be no recovery in this case."

3d. Because the verdict was contrary to the charge following: "It is said, as an additional reason why this action should fail, that Strong entered into a contract with the defendant, through its president, by which he agreed that he would take on himself all risk connected with his employment, and that he would not, in any case, hold the company liable for damages he might sustain in his person caused by what are called accidents or collisions, or that might result from his own negligence or that of any other employee or agent of the road. If you find that he entered into such a contract as that, and that it was the subsisting contract, under which he was working at the time of the accident he would be bound by it and by its terms, and for such injuries as he might suffer from the causes enumerated, he could not recover, and plaintiff cannot recover in this action."

4th. Because the court erred in its charge as follows:

"Look well to the facts and circumstances in the case. See if Strong entered into this contract, if it was read over to him and he understood its contents, if he voluntarily signed it, executed it; if so, that would make it his contract, and in the absence of proof going to show that it was fraudulently procured from him, or that he was imposed upon, he would be

Western and Atlantic Railroad Company *vs.* Strong.

bound by its terms, but if it was so procured it would not be binding upon him. If it appears from the testimony in the case that by deception, fraud or mistake, it was entered into, he would not be bound by it."

The motion was overruled, and defendant excepted. Error is assigned upon each of the aforesaid grounds of exception.

JULIUS L. BROWN, for plaintiff in error.

HILLYER & BROTHER; A. W. HAMMOND & SON, for defendant.

McCAY, Judge.

1. 2. This court, in 49 *Georgia*, 106, decided that the right of action for a homicide did not exist at common law, but depended for its existence on the law of the state where the homicide occurred. It is admitted that the homicide in this case occurred in Tennessee, and on the production of the law of that state, it appears that a right of action does exist for such a case, but that it is in the personal representative for the use of the wife and children. We are not prepared to say that, under our law, in the peculiar circumstances of this case, the wife and children, the entire beneficiaries, may not, in the absence of a representative, sustain the action. Courts of law, in this state, may do almost anything a court of equity might do; and in the case of a mere naked trust, a court of equity would, in the absence of a trustee, treat the beneficiaries as the parties at interest, and recognize their right to sue. But the wife is not the only beneficiary under the law of Tennessee. The wife and *children* are included. She has no right to sue alone. Whatever damages the company is liable for, belong to the children and the widow jointly. For this reason, if no other, there must be a reversal of the judgment in this case.

3. This is essentially an action for damages, an action based on a wrong, and is only *ex contractu* as all wrongs are. Either expressly or by implication all wrongs are a breach of con-

tract, a violation of some express or implied undertaking to do or not to do certain things. People in civilized communities occupy certain relations to each other from which the law implies duties and obligations, and the breach of those duties or obligations is a *tort*—a wrong.

4. What those duties are depends in each on the peculiar facts of it. In the case of a homicide, the inquiry arises, what was the conduct of the parties; what relation did they have to each other; what obligation, by law, or by special contract, has either broken? Our Code, under the general head of "*Torts,* or injuries to person or property," defines a *tort* to be *a legal* wrong committed upon the person or property independent of contract, either: 1st, by the violation of some legal right of the individual. 2d, by the infraction of some public duty causing special damage to the individual. 3d, by the violation of some private obligation by which like damage accrues. By section 2954 it is said that private duties may arise either from statute or flow from relations created by contract, express or implied. Section 2955 declares that if the transaction partake of the nature of a *tort* and contract, the complainant may waive the one and rely upon the other. Here was no contract with the plaintiff. Her rights and the rights of her children turn on the statute by our law: Code, 2971. By the law of Tennessee, as the right is given to the representative, it may be that some special rules as to the nature of the death, whether instantaneous or not, may arise; but we do not go into that subject, as it is not before us.

5. But by our law the right is given by statute to the wife generally for the "homicide" of her husband. Surely this does not cover every case of homicide. Cases of self-defense, of inevitable accident, of execution by command of the law, etc., must, from the nature of things, be excepted. And it seems to us that the true inquiry is: has the defendant violated any of the public or private obligations he was under to the deceased. Whether those obligations or duties were implied by law or existed by express contract is immaterial, but that some duty, public or private, was violated by the homi-

cide, would seem to follow from the very nature of a wrong, and from the principles of justice and equity. And our original act giving this action puts the right precisely on this ground, to-wit: whenever the husband, had he lived, would have had a right of action, then the wife has it, in case of his death : Act of 1850 ; Cobb's Dig., 476.

6. In the case of the *Western and Atlantic Railroad vs. Bishop*, 50 *Georgia*, 465, we decided that the contract between an employee and the railroad, regulating the relative rights and duties of each, in so far as it did not condone any criminal act, was binding on both parties. And under the view we have taken of the rights of the wife, that she must show a violation of some duty the company owed to her husband, we think she is bound by the relations they had established between themselves by contract not illegal ; that the wrong she sues for must be a legal wrong, a wrong which the law recognizes as a breach of some of the duties the road owed to her husband, that she stands in his shoes, has his rights and takes his responsibilies. Under these rules we think this verdict clearly wrong.

Judgment reversed.