LAY *v.* NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY CO.

FISH, C. J. 1. Where suit is brought in this State to recover damages for personal injuries sustained in the State of Alabama, the rights of the parties as to the merits of the case are to be determined by the law of Alabama; and where no statute of that State is pleaded or shown, it will be presumed that the common law is in force there. While the courts of this State will follow the decisions of a sister State in construing the statutes thereof, they are not bound by the interpretation placed upon the common_law by the courts of other States.

2. In the present case, no statute of the State of Alabama having been pleaded, the rights of the parties as to the merits of the controversy were dependent upon the common law of master and servant, the general principles of which, as applicable to the case, are embodied in the Civil Code, §§ 2611, 2612.

3. Upon the trial of a case in this State, founded upon a cause of action originating in another State, the procedure of this State governs. A statute of this State prohibits the trial judge from expressing ·or intimating to the jury his opinion of what has or has not been proved, and makes a violation thereof absolute cause for a new trial. Civil Code, §4334. It has been repeatedly held by this court that an instruction to the jury that certain facts do or do not constitute negligence is a violation of such statute. Accordingly, on the trial of an action brought in this State by a brakeman of a railway company, to recover damages for personal injuries sustained in Alabama on account of the alleged negligence of the defendant company in the construction and maintenance of an overhead bridge across its track, it was error, requiring the grant of a new trial, for the judge to give the jury the following instructions: "If they [the company] should erect it [the bridge] so low that the parties passing under it on the cars, the brakemen, can not· avoid the danger by bending or stooping, then it would be negligence, . . . otherwise it would not be so;" and, "If many railroads abstain from their use [the use of whipping cords, or telltales] the failure to use them is not negligence; and their use by a majority of railroads does not require all railroads to use them, nor impute negligence on account of the failure to use them." The fact that substantially the same language may have been used by the Supreme Court of Alabama, in delivering an opinion, did not authorize the trial judge to embody it in his charge. *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368 (8), and cit. (54 S. E. 110).

4. None of the other instructions excepted to was erroneous for any of the reasons assigned.

5. An assignment of error was not well made which was to the effect that the court erred in admitting in evidence, over plaintiff's objection (which was stated), "three law-books purporting to be Reports of the Supreme Court of Alabama, and to introduce in evidence three cases reported therein, to wit: the case of Louisville and Nashville Railroad Company v. Hall, 87 Ala. Reports, pp. 708 to 725; same railroad v. Hall, 91 Ala. Reports, 112-124; the same railroad v. Banks, 104 Ala. Reports, 508-519." A ground of a motion for a new trial should either be complete in itself, or rendered so by an exhibit to the motion.

6. In view of the decision rendered in *Stirk* v. *Central R. Co.*, 79 *Ga.* 495 (5 S. E. 105), and especially as no point was made as to variance between the allegations of the petition and the proof submitted by the plaintiff, we can not say that ·the evidence in the present case demanded the verdict found in favor of the defendant.

*Judgment reversed. All the Justices concur.*

Submitted January 14,—Decided August 18, 1908.

Action for damages. Before Judge Fite. Dade superior court. April 29, 1907.

*Arnold & Arnold, J. Z. Foster*, and *Harvey Hill*, for plaintiff. *Brown & Spurlock* and *Payne & Payne*, for defendant.