11151.   HINES, director-general, *v.* EVITT.

JENKINS, P. J. 1. This was not a suit to recover damages based solely upon the theory of a wilful and wanton act perpetrated by the servants of the defendant, and only upon the proof of which a recovery would be justified; consequently the rulings made in *Savannah Electric Co.* v. *McElvey,* 126 *Ga.* 491 (55 S. E. 192), and *Southern Railway Co.* v. *Wiley,* 9 *Ga. App.* 249 (71 S. E. 11), are not controlling in the defendant's favor.

2. The second and third special grounds of the motion for a new trial are without merit, since the excerpts from the charge there complained of are not erroneous within themselves, and must be taken in connection with other portions of the charge, where it was plainly stated that the plaintiff could not recover if, by the exercise of ordinary care on his own part, the injury could have been avoided. *Atlanta & West Point R. Co.* v. *Miller,* 23 *Ga. App.* 347 (3) (98 S. E. 248).

3. Where suit is brought in this State to recover damages for personal injuries sustained in the State of Tennessee, the rights of the parties as to the merits of the case, as distinguished from the procedure, are to be determined by the law of Tennessee; and where no statute of that State is pleaded or shown, it will be presumed that the common law is of force there. *Lay* v. *Nashville, Chattanooga & St. L. Ry. Co.,* 131 *Ga.* 345 (62 S. E. 181).

4. Under the common law, the rule of comparative negligence did not obtain, and any negligence on the part of the plaintiff which, taken in connection with the negligence of the defendant, contributed to the proximate cause of the injury would bar a recovery. Under that rule the degrees of the plaintiff's negligence were not considered, but slight negligence was taken to mean "a slight want of ordinary care." 7 A. & E. Enc. Law (2d ed.) 373 (2), 375 (4), 377 (5); *Macon & Western R. Co.* v. *Davis,* 13 *Ga.* 68 (10). The trial judge, under the rule of the common law, properly omitted to give in charge the law of comparative negligence, and his charge on contributory negligence

was in conformity with the rule above stated, and in the absence of any request was sufficiently full.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED AUGUST 13, 1920.

Action for damages; from Whitfield superior court — Judge Tarver. November 29, 1919.

The suit was originally against the Southern Railway Company, and by amendment Walker D. Hines, director-general of railroads, was substituted as defendant. The verdict was against the defendant, and the exceptions are to the overruling of his motion for a new trial.

1. The petition alleges: that the defendant has injured and damaged the plaintiff in the sum of $3,000 by reason of the wrongs and injuries hereinafter set out; that on September 30, 1918, the plaintiff bought at Cleveland, Tennessee, a ticket to Dalton, Georgia, intending to take passage on the train passing Cleveland about 5 o'clock a.m. that day, and went to the train and in the exercise of all ordinary care and diligence got upon the steps of the passenger-coach, and as he did so an employee of the defendant, either the conductor or the flagman, in uniform, shut the door of the car and prevented him from getting on the train; that with one hand he knocked on the door of the said coach several times, but the said servants of the defendant negligently failed and refused to open the door, and carried him about 20 feet and until the engine pulling the train gave a sudden jerk and threw him violently upon the ground and injured him in a manner stated; that the defendant owed him as a passenger extraordinary care and diligence, but was negligent and careless in preventing him from getting upon the train as aforesaid, and in closing the door and preventing him from getting up the steps, and in shutting the door in his face, and in causing the engine and train to launch and jerk suddenly and to throw him to the ground; "in all of which said acts and failures defendant was negligent, and wanting not only in extraordinary care as required by law, but was wanting even in ordinary care and diligence to petitioner." The first special ground of the motion for a new trial is to the effect that the trial judge, in his charge to the jury, erred in treating the suit as an action for mere negligence, when the suit "was predicated upon a wilful and intentional violation of the plaintiff's rights as a passenger."

2. Special grounds 2 and 3 relate to the following instructions to the jury: (2) "If the plaintiff shall have made it appear that he was injured in the operation of the railway train of the defendant, then the presumption arises that the defendant was negligent in each of the particulars specified in the declaration, and unless the defendant shows that it exercised extraordinary care and diligence in the particulars wherein it is alleged to have been negligent, the plaintiff would be entitled to recover." (3) "If you find, however, that the plaintiff was standing on the lower step of the passenger coach on the occasion, and that an employe of the defendant closed the door of the passenger coach in his face, as alleged in the petition, if you find, as I have stated, that this occurred, and that it was a negligent act, and that as the proximate result of this act the plaintiff sustained personal injuries for which he sues, he would be entitled to recover."

These excerpts from the charge are complained of respectively for the reasons: (*a*) that they invaded the province of the jury and suggested that the acts complained of, if the jury found that they occurred, were negligence for which the defendant might be found liable; and (*b*) that they purport to be a complete statement of the circumstances under which the plaintiff would be entitled to recover, but omit any reference to the effect of want of care on the part of the plaintiff; and it is contended that the instructions should have been qualified in this respect. The first excerpt is complained of for the additional reason that "the jury should not have been instructed that they might find a verdict upon the presumption alone, but should have been required to consider it along with the other evidence in the case and make a verdict on the whole."

3, 4. It is alleged that the court erred in failing to charge the jury in substance that if the plaintiff were negligent, however slightly, in bringing about his injury, or in failing to avoid the same, and such negligence contributed appreciably to the injury, he could not recover; the injury having occurred in Tennessee, where the common law presumptively is of force. For this reason it is alleged that the court erred in giving what "purported to be a complete summary of the defenses open to the defendant," in the following charge: "If he was injured as the proximate result of his own negligence, he would not be entitled to recover. If he

failed to exercise ordinary care and diligence for his own safety on the occasion in question, and his failure to so exercise ordinary care and diligence for his own safety contributed to this injury, he can not recover."

*Maddox, McCamy & Shumate;* for plaintiff in error.
*W. C. Martin, W. E. & W. G. Mann,* contra.