## 30515. GREEN v. JOHNSON.

DECIDED DECEMBER 1, 1944.

*Osgood Williams, T. Reuben Burnside,* for plaintiff in error.
*Randall Evans Jr., Jack D. Evans, Pierce Brothers,* contra.

MACINTYRE, J. This was an action for a tort brought in Georgia by the widow for the death of her husband caused by injuries which occurred in the State of South Carolina.

The lex loci governs as to all substantive matters and the lex fori as to all matters affecting the remedy or procedure. *Hill* v. *Chattanooga Railway & Light Co.,* 21 *Ga. App.* 104 (93 S. E.

1027); *Hines* v. *Evitt*, 25 *Ga. App.* 606 (3) (103 S. E. 865); *Lay* v. *Nashville, Chattanooga &c. Ry. Co.*, 131 *Ga.* 345 (62 S. E. 189).

Under the common law the widow could not recover damages for the homicide of her husband. *Selma, Rome & Dalton R. Co.* v. *Lacy*, 43 *Ga.* 461. However, we have a statute in this State (Code, § 105-1302), which confers this right upon the widow, but the statute of this State has no extraterritorial operation, and the courts of this State can not administer it for the purpose of redressing tortious injuries inflicted in the State of South Carolina. Furthermore, the courts of this State will presume that the principles of the common law prevail and are of force in South Carolina (which was one of the thirteen original States) for redress of wrongs and injuries done in that State that are recognized by the common law. Where suit is brought in this State on account of personal injuries occurring in the State of Alabama (South Carolina), and no statute of that State was pleaded or shown, this court will presume that the common law of that State was of force there. *Southern Railway Co.* v. *Cunningham*, 123 *Ga.* 90 (50 S. E. 979). Where suit is brought in this State to recover damages for personal injuries sustained in a sister State, which was one of the thirteen original States, the rights of the parties as to the merits of the case as distinguished from procedure are to be determined by the law of such sister State, and where no statute of that State is pleaded or shown, it will be presumed that the common law is of force there. This suit being brought by the widow to recover damages for personal injuries sustained by her husband in the State of South Carolina, her rights as to the merits of the case will be determined by the common law, and under the common law she can not recover damages for the death of her husband. *Selma, Rome & Dalton R. Co.* v. *Lacy*, supra. The question, therefore, presents itself as to whether the general demurrer in the following language, "because the petitioner fails to set forth any cause of action against this defendant," should have been sustained. The test as to whether a petition can resist a general demurrer is whether the defendant can admit all that is alleged therein and yet escape liability altogether. *Douglas, Augusta &c. Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550, 555 (59 S. E. 600). In *Atlantic Coast Line R. Co.* v. *Barton*, 14 *Ga. App.* 160 (80 S.

E. 530), the defendant filed a general demurrer to the plaintiff's petition, and according to the original record on file in the office of the clerk of this court, the demurrer was "upon the ground, that said petition fails to set out any legal cause of action against this defendant." In that case it will be noted that the court said: "While there is more or less confusion in some of the decisions on the subject, it is settled by the decisions of the Supreme Court that where a plaintiff bases his right to recover on a foreign law, the law must be pleaded and proved. *Southern Express Co.* v. *Sottile,* 134 *Ga.* 41 (67 S. E. 414); *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 446 (67 S. E. 944, 137 Am. St. R. 227). If the foreign law is properly pleaded, it may be that it need not be formally introduced in evidence, if the law is brought to the attention of the court and properly applied. *C. & W. C. Ry. Co.* v. *Lyons,* 5 *Ga. App.* 668 (63 S. E. 862); *Missouri Life Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 446 (58 S. E. 93). It is clear, however, under all of the decisions, that the law must be pleaded, or else the court will presume that the common law is of force and will apply common-law principles, at least as to causes of action arising in one of the thirteen original States or in a State which was carved from them. To plead a foreign law it is not enough to refer merely to the volume in which the law is contained. The law should be set out, so that the court may on inspection of the pleadings determine whether or not the plaintiff has drawn a correct conclusion as to the construction and effect of the law. We will deal with the present petition, therefore, as if the plaintiff had based his right to recover upon the common law, ignoring the plaintiff's attempt to plead the South Carolina statute." But since this decision the Supreme Court has said: "Two principles are well settled by the decisions of this court. First, where a cause of action arises in another State and the pleadings are sufficient to show that a cause of action is set out under the laws of such other State, the rights of the parties will be administered according to the laws of such other State. *Selma &c. R. Co.* v. *Lacy,* 43 *Ga.* 461; Id., 49 *Ga.* 106; *Western &c. R. Co.* v. *Strong,* 52 *Ga.* 461, and numerous other decisions. Secondly, where in such a case no statute of the foreign State is pleaded as the basis of right of recovery, the courts of this State will presume that the common law exists in such State and will administer the rights of the parties according to the common

law. The line of cases supporting the second proposition is unbroken." *Slaton* v. *Hall,* 168 *Ga.* 710, 715 (148 S. E. 741, 73 A. L. R. 891). And Justice Jenkins speaking for that court in the case of *Trustees of Williams Hospital* v. *Nisbet,* 189 *Ga.* 807, 811 (7 S. E. 2d, 737), has simplified and clarified one phase of the rule by stating: "(a) A contract of a foreign State which constituted one of the thirteen original colonies, or which was derived from territory included in one of such colonies, will be construed and governed by the common law, in the absence of any pleading to the contrary. *Slaton* v. *Hall* [supra]; *Thomas* v. *Shepherd,* 42 *Ga. App.* 558 (156 S. E. 724), and cit. . . (c) These rules, however, have no application to the contract of a State that was never a part of English territory, embraced in one of the original thirteen colonies or belonging thereto, and therefore did not inherit its laws from England. There is no presumption that the common law of England exists in such a State. *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276, 286 (61 S. E. 505); *Reliance Realty Co.* v. *Mitchell,* 41 *Ga. App.* 124, 126 (152 S. E. 295); 5 R. C. L. 820-822, §§ 12, 13; 11 Am. Jur. 169-171, § 16; 12 C. J. 199-202, §§ 31-33; 15 C. J. 631-633, §§ 19, 20. Under such circumstances, the law of the foreign State must be pleaded, in the absence of which it will be presumed that the law of this State obtains therein. *Champion* v. *Wilson,* 64 *Ga.* 184, 188; *Wells* v. *Gress,* 118 *Ga.* 566 (2), 567 (45 S. E. 418); *Reliance Realty Co.* v. *Mitchell,* supra." In *Slaton* v. *Hall,* supra, where an action was instituted in the courts of this State by a widow to recover damages for the death of her husband alleged to have been killed by the defendant in Alabama, a State carved out of one of the thirteen original States, the court held that such an action could not be maintained in the courts of this State for the injury alleged to have been done within the State of Alabama, and held that the trial court erred in not sustaining the general demurrer on the ground that the right of action, if any, was in the husband's representative and not in the widow, and because it showed no cause of action in the widow. Thus we think that the general demurrer in the instant case invoked a ruling on the question whether or not the widow had a legal right to bring the present suit in the State of Georgia for damages for the death of her husband, which occurred in the State of South Carolina. We are required, under the pleading and the decisions

of the Supreme Court, to deal with the present petition, as if the plaintiff had based her right to recover for the death of her husband upon the common law, and in these circumstances, we think that the general demurrer should have been sustained, for the reason that the plaintiff did not set forth any cause of action under the common law in her original declaration which this State could enforce for injuries sustained in the sister State of South Carolina.

The plaintiff contends that if the petition was defective, it "could be met by a proper amendment, and, since it was an amendable defect, the verdict cured the defect," and cites *South Carolina R. Co.* v. *Nix,* 68 *Ga.* 572. In the instant case the original petition was founded upon the common law, for nothing was mentioned or intimated therein to the effect that the statute was relied upon. If she had pleaded defectively, or showed in some way that she relied upon the statute, she would have been entitled to amend by setting out the statute or such parts of it as she relied upon, as was done in *South Carolina R. Co.* v. *Nix,* supra. Under the rule stated in *Exposition Cotton Mills* v. *Western & Atlantic R. Co.,* 83 *Ga.* 441, 443 (10 S. E. 113), that "the liability of this company [the defendant], according to this amendment, arises alone by virtue of this statute. The original declaration showed the liability of the company to be a common-law liability; and now it is proposed, by the introduction of this amendment, to sue the company upon a statutory liability. We are therefore of the opinion that this amendment introduced a new and distinct cause of action from that embraced in the original declaration, which, we have seen under the Code, can not be allowed in this State," the plaintiff here, who commences her action and relies solely upon her common-law right, can not amend this common-law declaration by setting out the statute and relying upon that for her right to sue and for her right of recovery.

To paraphrase the language of the Supreme Court in the case of *Bolton* v. *Georgia Pacific Ry. Co.,* 83 *Ga.* 659, 661 (10 S. E. 352), it is argued by counsel for plaintiff that all of the facts required by the South Carolina statute to be pleaded, were already pleaded in the declaration, and that simply to mention the statute in the amendment and recite the same facts therein would not be a new cause of action. While it may be true that all the facts required by the South Carolina statute had been set out in the declaration,

still those facts alleged in the common-law declaration were mere surplusage, and had no legal vitality, and would have been so regarded by the court trying the case. It required the pleading of the statute to give them any vitality at all. As we have seen, that statute is not mentioned or intimated in the original declaration, and hence to allow the amendment suggested would be allowing the introduction of a new cause of action. Thus it seems to us that the contention of the plaintiff (that the petition is amendable) is decided adversely to her in the case of *Bolton* v. *Georgia Pacific Ry. Co.*, supra, where it is said: "Such amendment might be made if the statute were invoked, though defectively, in the original declaration. But though that declaration set forth all the facts required by the statute to be pleaded, they were mere surplusage and without legal vitality in the absence of reference to the statute itself." See also *Selma, Rome & Dalton R. Co.* v. *Lacey*, 49 *Ga.* 106.

The plaintiff relies strongly on the case of *Charleston Railway Co.* v. *Lyons,* supra. However, the facts and conclusions of law in that case are not identical with the cases cited above, and even if there was anything in it that conflicted with the rules of law, as stated in those Supreme Court decisions, it must yield to them. The case of *Southern Express Co.* v. *Hanaw,* supra, is not applicable here for the reason that the foreign State in question (Illinois) was not one of the original thirteen colonies, nor was it carved out of any of the original thirteen. The case of *Norman* v. *Sovereign Camp Woodmen of the World,* 69 *Ga. App.* 437 (25 S. E. 2d, 887), is different from the instant case in that the foreign law in that case was procedural, while in the instant case the foreign law in question is substantive. In the view which we have taken of the general demurrer it becomes unnecessary to express any opinion as to the other grounds taken as to the sufficiency of the petition.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*