## 34234. CRAVEN *v.* BRIGHTON MILLS INC.

DECIDED OCTOBER 24, 1952—REHEARING DENIED NOVEMBER 8, 1952.

*McClure & Ramsay,* for plaintiff in error.

*Frank C. Gross, Ollie Mae Stowe,* contra.

SUTTON, C.J. The three special grounds of the motion for a new trial will be considered together, for they serve to raise the questions of whether the trial judge was required to give in his charge to the jury the doctrine of contributory negligence, under the common-law rule, and, if so, whether the charge as given was a correct statement of that principle as applicable to the present case.

The collision occurred in South Carolina, and so the law of that State, as the place where the alleged tort occurred, determines the substantive rights of the parties. *Green* v. *Johnson,* 71 *Ga. App.* 777 (3) (32 S. E. 2d, 443); *Lay* v. *N. C. & St. L. Ry. Co.,* 131 *Ga.* 345 (1) (62 S. E. 189). As South Carolina is one of the thirteen original States, it will be presumed that the common law, as interpreted and declared by the courts of this State, prevails in that State and so governs the substantive rights of the parties, unless the law of that State concerning such rights has been pleaded and proved. The laws of South Carolina as to the right of the plaintiff to recover, if his negligence was a contributing cause of the injury complained of, were not pleaded and proved. Therefore, in this respect, the common law as interpreted by our courts determines the rights of the respective parties. *Slaton* v. *Hall,* 168 *Ga.* 710 (148 S. E. 741, 73 A.L.R. 891); *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (191 S. E. 388).

The pleadings and the evidence made an issue as to the plaintiff's contributory negligence. In its petition, the plaintiff, Brighton Mills, alleged that it did not in any way contribute to the loss and damage complained of, and this allegation was

denied by the defendant. The defendant also alleged that the damage complained of was the result of the negligence of the plaintiff's driver, who increased the speed of the plaintiff's truck after the defendant's driver had given the proper signal and had started to pass the plaintiff's truck. Section 1616 (8) (a) (1) of the Code of Laws of South Carolina, as pleaded and introduced in evidence by the plaintiff, is as follows: "Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

The evidence showed that the defendant's poultry truck had been following the Brighton Mills tractor-trailer truck up a hill and attempted to pass by it soon after reaching the top of the hill, when both trucks were moving down grade with both drivers having a clear view of the highway ahead for 900 feet. According to the testimony of the defendant, B. L. Craven, and his driver, the trucks were both moving at about 15 or 20 miles per hour at the top of the hill; Craven's driver blew his horn before going around the Brighton Mills truck, and was then alongside it for about 300 feet as he attempted to pass it; both trucks were increasing their speed down the grade and they stayed together; Craven's driver thought he had cleared the Brighton Mills truck, and he turned back to the right side of the road when a car approaching from the opposite direction was about 100 feet away; and, when the trucks collided, they were proceeding at 55 or 60 miles per hour. The Brighton Mills truck was forced onto the shoulder of the road, went out of control, and turned over on the fill beside the highway.

From this evidence, and under the law applicable thereto, the jury could have found that the plaintiff was negligent as alleged in the answer, and that such negligence, although it may have been less than that of the defendant, was a materially contributing cause of the damage to the plaintiff's truck. Had such a finding been made, still, under the charge as given, the jury would have been required to return a verdict for the plaintiff in the full amount sued for (as the jury in fact did). The court charged, in the excerpts complained of, that the plaintiff

could not recover if its driver could have avoided the damage complained of by the use of ordinary care, if the parties were equally negligent, or if the plaintiff's negligence was the cause of the collision. This charge was correct insofar as it stated that the plaintiff could not recover if its negligence was the sole cause or was equal to that of the defendant; but it failed to cover the finding which the jury would have been authorized to make, as stated above, that the plaintiff's negligence, although less than the defendant's, nevertheless contributed materially to the plaintiff's injury. Under such a finding, the plaintiff cannot recover, according to the rule of the common law as declared and interpreted by the courts of this State. See *Minter* v. *Kent*, 62 *Ga. App.* 265, 270 (8 S. E. 2d, 109); *Hines* v. *Evitt*, 25 *Ga. App.* 606 (4) (103 S. E. 865); *Tuten* v. *Atlantic Coast Line R. Co.*, 4 *Ga. App.* 353 (2) (61 S. E. 511); *Macon & W. R. Co.* v. *Davis*, 13 *Ga.* 68 (10); *Macon & W. R. Co.* v. *Johnson*, 38 *Ga.* 409, 432. This principle, as ruled in those cases, is that contributory negligence on the part of the plaintiff bars any right to recover.

The three special grounds showed that the common-law rule pertaining to the plaintiff's contributory negligence should have been given in charge to the jury in order to submit to them the law applicable to the issues made by the pleadings and the evidence, and pointed out the insufficiency of the charge as given. The court erred in overruling the motion for a new trial on the special grounds thereof; and the general grounds of the motion are not passed upon, as the evidence may not be the same on another trial.

*Judgment reversed. Felton and Worrill, JJ., concur.*

FELTON, J., concurring specially. The charge of a court which is correct is not subject to exception on the ground that it does not contain another or other applicable principles of law. The first two special grounds state the correct law as far as they go and were not erroneous or harmful. I concur in the special ground which was the failure to charge the consequences at commow law of contributory negligence on the part of the plaintiff.