37468. BLANKENSHIP *v.* HOWARD.

DECIDED JANUARY 21, 1959.

846

*Mitchell & Mitchell, D. W. Mitchell,* for plaintiff in error.
*Pittman, Kinney & Pope, H. E. Kinney,* contra.

GARDNER, Presiding Judge. ■ We have set out the evidence somewhat in detail. The evidence was submitted to a jury, who found against the plaintiff. After a careful study of the evidence as it developed at the trial, we are constrained to hold that the jury arrived at the correct verdict, under the record before us. In our opinion there was sufficient evidence to sustain the verdict of the jury and that such verdict should not be set aside by this court. The facts are unlike the facts in *Porter* v. *Kolb,* 46 *Ga.* 266. The general grounds are not meritorious.

■ Special ground 1 assigns error because the court charged as follows: "Under the common law, contributory negligence on the part of the plaintiff's husband in an action based on negligence is an absolute bar to the plaintiff's recovery; and in suits for personal injuries or death received in a State in which the common law prevails, as in Tennessee, if the plaintiff's deceased husband by some negligence directly contributed to injuries sustained the plaintiff cannot recover even though it appears that the defendant was also negligent."

Counsel for the plaintiff allege that such charge is erroneous because it is not a correct statement of the law under all the conditions and circumstances involved in the case now before us; that if there is any evidence of gross or wanton negligence on the part of the defendant, contributory negligence on the part of the plaintiff's deceased husband would not be a bar to recovery on the part of the plaintiff. Special grounds 5, 7, 8 and 9 are directed to this same excerpt from the charge and special grounds 2, 3 and 6 are directed to closely related excerpts.

The questions raised by this record are briefly: (a) Whether or not the court correctly applied the contributory-negligence rule when instructing the jury that the plaintiff would be barred from recovery if her husband were guilty of any negligence which was the proximate cause of the collision; (b) Whether or not the court correctly presumed that the law of Tennessee was the common law as interpreted by the Georgia courts. It will be noted that special ground 4 also goes to this issue; (c) Whether or not the court excluded the defense that contributory negligence will not bar recovery if the defendant's negligence is gross or wanton in character.

The contention contained in (a) is without merit in view of many decisions of this court and the Supreme Court including *Tuten* v. *Atlantic Coast Line R. Co.*, 4 *Ga. App.* 353 (61 S. E. 511); *Minter* v. *Kent*, 62 *Ga. App.* 265, 270 (8 S. E. 2d 109) and *Southland Butane Gas Co.* v. *Blackwell*, 211 *Ga.* 665, 666 (88 S. E. 2d 6). Contention (b) is not meritorious in view of the following decisions: *Slaton* v. *Hall*, 168 *Ga.* 710 (148 S. E. 741, 73 A.L.R. 891); *Hines* v. *Evitt*, 25 *Ga. App.* 606 (3, 4) (103 S. E. 865) and *Craven* v. *Brighton Mills*, 87 *Ga. App.* 126 (73 S. E. 2d 248). Contention (c) is not meritorious because the court charged elsewhere as to the exception to this rule where the defendant is guilty of gross or wanton negligence, and the charge as a whole offers no such contradictory instructions as to mislead and confuse the jury. There is also a contention raised by a number of these special grounds to the effect that, since the defendant pleaded, and the stipulation admitted, a number of Tennessee statutes relating to traffic regulations, that the applicable statutes of Tennessee were in fact pleaded and there is left

no room in the case for the presumption that the law of Tennessee is the common law as interpreted by Georgia courts. The presumption was applied, not to statutes specifying what is negligence, but to rules of law on the effect of negligence, as to which no statutes were pleaded or proved. Consequently, this contention also is without merit. Therefore special grounds 1, 2, 3, 4, 5, 6, 7, 8 and 9 are not meritorious.

■ The remaining ground, special ground 10, complains that the "last clear chance" doctrine was not covered in the general charge. There was no request to charge on the doctrine, there were no pleadings relating thereto, and even the evidence upon which such a charge might have been predicated is slight. There was accordingly no reversible error committed in failing to charge on this rule of law. See *Wright v. Bales*, 62 *Ga. App.* 328 (7 S. E. 2d 765) where it was held that the doctrine of last clear chance is but a phase of proximate cause, and, where the general charge substantially sets forth the rules of law by which the jury must be guided in determining proximate cause, specific instructions should be requested on this rule if they are desired by the parties.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*