110 Ga. App. 866 (1965)
140 S.E.2d 235
OHIO SOUTHERN EXPRESS COMPANY et al.
v.
BEELER.
40887.
Court of Appeals of Georgia.
Decided January 5, 1965.
*867 T. J. Long, Ben Weinberg, Jr., Charles E. Walker, for plaintiffs in error.
H. Frank Martin, Jr., contra.
BELL, Presiding Judge.
1. Special ground 1 of the motion for new trial objects only to the trial court's failure to instruct the jury on the comparative negligence rule effective in this State. The objection has no merit.
Under the common law, as construed by the courts of this State, contributory negligence on the part of the plaintiff bars any right to recover. Minter v. Kent, 62 Ga. App. 265, 270 (8 SE2d 109). Code § 105-603 represents a change from the common law contributory negligence rule, and the law which obtains in this State is the comparative negligence doctrine. Central of Ga. R. Co. v. Larsen, 19 Ga. App. 413, 417 (1) (91 SE 517); City of Ocilla v. Luke, 28 Ga. App. 234 (2) (110 SE 757).
The collision occurred in the State of Tennessee. While the lex fori controls matters of remedy and procedure, the lex loci delicti determines the substantive rights of the parties. Green v. Johnson, 71 Ga. App. 777 (32 SE2d 443); Craven v. Brighton Mills, Inc., 87 Ga. App. 126, 129 (73 SE2d 248). Where no law of Tennessee has been pleaded and proved, it will be presumed that the common law is of force in that State. Southern R. Co. v. Cunningham, 123 Ga. 90, 92 (50 SE 979); Hill v. Chattanooga R. &c. Co., 21 Ga. App. 104 (1-6) (93 SE 1027). It is not presumed that the statutory law of a foreign State is the same as ours, as our statutory law has no extra-territorial operation. Selma &c. R. Co. v. Lacy, 43 Ga. 461, 463.
Under the foregoing principles the trial court did not err in failing to charge on the doctrine of comparative negligence, as the common law rule of contributory negligence, and not the *868 comparative negligence rule embraced in Code § 105-603, must be presumed to be the law of Tennessee.
2. Special ground 2 objects to the failure of the court to charge that the negligence of the driver was imputable to the plaintiff. The basis urged for demanding instruction on the point is recited evidence tending to prove plaintiff's car was being driven within the ambit of the Georgia family purpose doctrine. Although the ground is incomplete for numerous reasons, it is sufficient to point out that the ground does not show that the driver was negligent. The mere fact that an automobile may have been a family purpose car does not ipso facto show that the driver of the car was negligent. The ground therefore fails utterly to demonstrate that the charge was even authorized by the pleadings and the evidence.
3. Special ground 3 complains of the court's instructions authorizing the jury to find damages for plaintiff's loss of use of her automobile. This objection is well taken as there is no evidence in the record from which the jury could determine a reasonable length of time for repairs within the purview of Webb v. May, 91 Ga. App. 437, 439 (2) (85 SE2d 641) and citations. This error, however, does not require the grant of a new trial.
The general grounds were abandoned.
The judgment is affirmed with directions that the sum of $30 awarded by the jury for the loss of use of plaintiff's automobile, as shown by the verdict, be stricken from the judgment.
Judgment affirmed with direction. Jordan and Eberhardt, JJ., concur.