## 49850. WARDELL v. RICHMOND SCREW ANCHOR COMPANY et al.

ARGUED NOVEMBER 7, 1974 — DECIDED NOVEMBER 21, 1974.

*Davis, Matthews & Quigley, Baxter L. Davis, L. Brown Bivens,* for appellant.

*Hurt, Hill & Richardson, Paul M. Talmadge, Jr.,* for appellees.

DEEN, Presiding Judge.

■ The main defense urged was that since the injury took place in South Carolina, since Georgia has adopted the rule that the lex loci controls the substantive issues in transitory tort actions, since under South Carolina law the defendants are statutory employers, and since a

common law tort action cannot be brought against an employer who is subject to workmen's compensation laws, this action cannot proceed against these defendants. Let us examine these premises:

(a) It is conceded that the injury occurred in South Carolina and that the tort is transitory in nature.

(b) In *Ohio Sou. Exp. Co. v. Beeler,* 110 Ga. App. 867, 868 (140 SE2d 235) it was held: "The collision occurred in the State of Tennessee. While the lex fori controls matters of remedy and procedure, the lex loci delicti determines the substantive rights of the parties. *Green v. Johnson,* 71 Ga. App. 777 (32 SE2d 443); *Craven v. Brighton Mills,* 87 Ga. App. 126, 129 (73 SE2d 248)." It is succinctly stated in Brooks v. Eastern Air Lines, Inc., 253 FSupp. 119, 121, that the Georgia conflict of laws rule in torts is as follows: "The law of the place where the tort or wrong has been committed is the law by which the liability is to be determined, and the place of wrong is the place where. . . there takes place the last event necessary to make an actor liable for an alleged tort." This place was, of course, the building site where the concrete slab fell on the plaintiff, which was in South Carolina, and "the lex loci governs as to all substantive matters and the rights of the parties as to the merits of the case are to be governed by the laws of South Carolina, as distinguished from the procedure." *Green v. Johnson,* 71 Ga. App. 777, supra. Under the rule, the substantive law of South Carolina is controlling.

(c) It is further undisputed that South Carolina law differs from Georgia compensation law in its definition of the word *employer.* Under South Carolina Code § 72-112 and § 72-113, the general contractor, sub-contractor and sub-subcontractor are all "statutory employers" for compensation purposes of the injured employee. In Corollo v. S. S. Kresge Co., 456 F2d 306 (2) it was expressly decided that (where the statutory definition of owner is met) employees of the sub-contractor become statutory employees of the owner, even though their immediate employer is an independent contractor, and this chain of "statutory employers" runs from the general contractor to the last sub-subcontractor. We therefore hold that the defendants here, with whom

plaintiff's immediate employer subcontracted, are in fact statutory employers under South Carolina law by definition. See also Chavis v. E. I. DuPont De Nemours & Co., 283 F2d 929.

(d) Under S. C. Code § 72-121 (as also in Georgia) the rights and remedies of an employee against an employer are exclusive, and bar an independent tort action. It is thus obvious that had the employee so desired he could have proceeded in a South Carolina workmen's compensation claim against his immediate sub-subcontractor employer Warner, against the subcontractor defendants, and against the general contractor, all of whom were "statutory employers" within the meaning of South Carolina workmen's compensation law, and that his having done so would without question have barred a tort action against any of these entities in South Carolina and therefore in Georgia. We find no question of fact as to the independent contractor status of the various parties and the fact that under South Carolina law they are all in fact "employers," which they would not be in either Georgia or North Carolina. This being so, the plaintiff was covered by South Carolina compensation insurance.

■ Does the fact that compensation was claimed and paid, not in South Carolina but in North Carolina, alter the case, where Georgia has consistently held that under the "choice of laws" rule the merits of the consequent tort action will be decided by South Carolina, the state where the tort was committed? Can it be said that South Carolina compensation law is not, under the circumstances, relevant to the issue to be decided? In other words, should the application of South Carolina compensation law be determined by the plaintiff's *eligibility* for compensation in that state (the state of the injury, the law of which we are bound to apply if it is applicable to the merits), or only in the event the plaintiff has *received and accepted* compensation in that state? In this regard the case of Wilson v. Fraser, 353 FSupp. 1, is persuasive in the absence of controlling authority. There Fraser and Wilson were fellow employees of Sears, Roebuck & Co. in Maryland. They were returning from a company function in the District of Columbia when

Fraser, who was driving, ran the car off the road and both men were killed. The accident occurred in the State of Virginia, whose compensation laws bar wrongful death claims between fellow servants. Compensation was claimed, however, in Maryland, which makes neither eligibility for nor receipt of compensation benefits a bar in a death action involving fellow servants, but which has by statute adopted the same "choice of laws" rule as Georgia. The Maryland court, holding that the Virginia rule would have to be applied to defeat the tort action subsequently brought in Maryland, held: "At the outset it is clear that it is *eligibility* for benefits under the workmen's compensation laws of Virginia, not whether a claim for benefits *was actually made* or received, which determines whether a bar to a common law action exists." Id., p. 4. (Emphasis supplied.) In the interests of consistency we adopt this rule; otherwise, it is within the power of a claimant with a choice of jurisdictions in a compensation claim (which frequently happens in interstate contracts) to juggle with the substantive law rule uniformly applied in Georgia and thus defeat its application.

The trial court did not err in granting the defendants' motion for summary judgment on this issue.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*