**Denny Ray HUDNALL, Plaintiff,**

v.

**James Talmadge KELLY, Jr. and
Charles William Smith,
Defendants.**

Civ. A. No. C 74–2236 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 5, 1975.

------◆------

Henry Angel, Savell, Williams, Cox & Angel, William S. Goodman, Atlanta, Ga., for plaintiff.

Frank Love, Jr., Powell, Goldstein, Frazer & Murphy, Scott M. Hobby, Atlanta, Ga., for Shelby Mutual Ins. Co.

## ORDER

JAMES C. HILL, District Judge.

This diversity action is before the Court on a motion by Shelby Mutual Insurance Company (Shelby) to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), or in the alternative Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A short recitation of the facts as they appear on the record will be helpful. Plaintiff alleges that, on October 6, 1969, he was injured as the result of the negligence of defendant James Kelly, Jr. in the operation of a vehicle owned by Charles William Smith. The allegation reads that while operating a motor vehicle in the State of North Carolina, Kelly, "negligently, carelessly, and unlawfully" caused plaintiff "severe and permanent injuries to his person." Plaintiff is a citizen of West Virginia and defendants are citizens of Georgia. Shelby and other insurance companies have been served with copies of the complaint as uninsured motorist carriers.

All defendants have asserted defenses based upon the statute of limitations, and Shelby has moved to dismiss. It appears that plaintiff originally brought an action against these same individual defendants in the United States District Court for the Southern District of West Virginia. This action was dismissed on May 17, 1974, when the Court concluded that it was without jurisdiction. Plaintiff then filed the present action in this Court on November 15, 1974.

### I. *12(b)(1) Motion.*

The 12(b)(1) motion is based on the fact that plaintiff failed to allege the basis of the Court's jurisdiction over the subject matter of this action. It appears that plaintiff has corrected this defect by submitting to the Court an amended complaint which affirmatively alleges that jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332. Under Rule 15, Fed.R.Civ.P., a party desiring to amend a pleading after service of a responsive pleading can do so only with leave of the Court. Since all of the defendants consented to the filing of the amended complaint, and since the Court must give leave to amend when justice so requires, plaintiff is granted leave to amend his complaint. Accordingly, Shelby's motion to dismiss pursuant to Rule 12(b)(1) is denied.

### II. *12(b)(6) Motion.*

Shelby's next contention is that the complaint should be dismissed under Rule 12(b)(6) because the complaint affirmatively shows that the claim is barred by the applicable statute of limitations. The Court finds three questions that must be settled in ruling upon this motion: (1) Does the Georgia or North Carolina statute of limitations apply? (2) Does the North Carolina provisions tolling the statute of limitations apply? (3) Can this action be brought within the confines of the Georgia Renewal Statute?

The first question is relatively easy to decide as it is settled law that in a diversity case under the Erie-Klaxton doctrine the federal court must ap-

ply the conflict of laws rules of the forum state. Whitaker v. Harvell-Kilgore Corp., 418 F.2d 1010 (5th Cir. 1969). Statutes of limitations on actions are generally regarded in Georgia as procedural, Thomas v. Clarkson, 125 Ga. 72, 54 S.E. 77 (1906), and Georgia will apply its own statute of limitations. Fimian v. Guy F. Atkinson Co., 209 Ga. 113, 70 S.E.2d 762 (1952). As stated by this Court in Jones v. Bales, 58 F.R.D. 453, 459 (N.D.Ga.1972):

> A Georgia court hearing a tort action which arose in a state other than Georgia will apply Georgia's statute of limitations to the action. Baron Tube Co. v. Transport Ins. Co., 365 F.2d 856, 860 (5th Cir. 1966); Blue v. Maico, 217 F.Supp. 747 (N.D.Ga.1963); O'Shields v. Georgia Pac. Ry. Co., 83 Ga. 621, 624–626, 10 S.E. 268 (1889).

While plaintiff does not disagree that this is correct, he contends that under the authority of Baron Tube Co. v. Transport Insurance Co., 365 F.2d 856 (5th Cir. 1966), the Court must attach the North Carolina tolling statute found in N.C.General Statutes, § 1–21 [1] to the Georgia two year statute of limitations for personal injuries.[2] 3 Ga.Code Ann. § 1004. Plaintiff relies on the following language from *Baron Tube:*

> The applicable Georgia statute of limitations is two years and the period begins running when the cause of action accrues. Ga.Code Ann. § 3–1004. To determine when the cause of action accrued we must look to Texas law. Western and Atlantic Railroad Company v. Strong, 1874, 52 Ga. 461; Slaton v. Hall, 1929, 168 Ga. 710, 715, 148 S.E. 741, 743, 73 A.L.R. 891.

Under Texas law the cause of action accrued when judgment was entered on Lockmiller's Texas workmen's compensation claim, December 11, 1962. [citations omitted] The present suit was instituted on March 19, 1964, within the two year Georgia statute of limitations, and hence is not barred. 365 F.2d at 860.

In other words, the Fifth Circuit applied the Georgia conflicts rule to the effect that, while the law of the forum governs procedural matters, the lex loci governs matters of substance. *See* Gaffe v. Williams, 194 Ga. 673, 22 S.E.2d 512 (1942). Therefore in order to uphold plaintiff's position, the Court must find that the North Carolina tolling statute is substantive in nature in that it pertains to the right created, or the cause of action, as opposed merely to pertaining to the remedy.

■ The Court has not found any decisions from this Court or the courts of Georgia that directly answer this question. Other courts, however, have held that matters of limitation including exceptions to the statute of limitations are governed by the law of the state where the Court sits. Van Dyke v. Parker, 83 F.2d 35 (9th Cir. 1936); Graham v. Englemann, 263 F. 166 (S.D.Tex. 1920); Dunn Construction Co. v. Bourne, 159 So. 841 (Miss.1935); 53 C.J.S. Conflict of Laws § 27. The Court is persuaded that this is the correct rule and that this North Carolina tolling statute has no effect on an action brought in a federal court sitting in Georgia.

■ It should be noted that whether a particular question is one of sub-

---

1. This statute reads in part: "If when the cause of action accrues . . . against a person, he is out of the State, action may be commenced . . . within the times herein limited after the return of the person into this State, and if, after such cause of action accrues . . ., such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action. . . ."

2. Although neither party mentions it, it would appear that at least part of plaintiff's claim would be controlled by the four year limitation period of 3 Ga.Code Ann. § 1002. Davis v. Patrick, 128 Ga.App. 677, 197 S.E.2d 743 (1973); Robinson v. Bomar, 122 Ga.App. 564, 177 S.E.2d 815 (1970).

stance or procedure is to be determined by the forum according to its own law. Lay v. North Carolina & St. Louis Railway, 131 Ga. 345, 62 S.E. 189 (1908); Hines v. Evitt, 25 Ga.App. 606, 103 S.E. 865 (1920). In Georgia the statute of limitations is considered remedial in nature. Jaro, Inc. v. Shields, 123 Ga. App. 391, 181 S.E.2d 110 (1971). A tolling statute, also, must be remedial. The effect of a tolling statute is to extend the statute of limitations until a plaintiff overcomes some disability or until a defendant is amenable to service. In other words the tolling statute determines, in conjunction with a statute of limitations, when a cause of action may be enforced. Cf. Taylor v. Murray, 231 Ga. 852, 204 S.E.2d 747 (1974).

■ All that the *Baron Tube* case requires is that this Court look to the laws of North Carolina to find when, if at all, an actionable claim arose. Such claim accrues when the right to institute and maintain a suit arises. Ford Motor Company v. Minges, 473 F.2d 918 (4th Cir. 1973). Once this cause of action arises, anything affecting the right to bring the action would be remedial. The Supreme Court of North Carolina in construing the tolling statute now under consideration realized that there is nothing substantive in it when it said:

> The general purpose of [this section], taken in connection with the statute of limitation, is to give the person having [an accrued] cause of action, . . . opportunity, substantially during the whole of the lapse of the time against him, to bring his action or enforce his judgment. Armfield v. Moore, 97 N.C. 34, 2 S.E. 347 (1887).

That Court also found in a later case that the primary purpose of the tolling statute was to toll the statute of limitations in favor of citizens of North Carolina *after* a cause of action arose. Merchants & Planters National Bank v. Appleyard, 238 N.C. 145, 77 S.E.2d 783 (1953).

The Court cannot apply the North Carolina tolling provision in this case and reconcile it with either the policy behind such a tolling statute or the Georgia policy for applying its own limitations in such cases. As stated by the Supreme Court of Georgia in a slightly different situation:

> In our opinion the Georgia two-year limitation of action for wrongful death is the public policy of this state. It bars the institution of such litigation after a lapse of this period and the period can not be extended by the legislatures of foreign states. Taylor v. Murray, *supra*, at 854, 204 S.E.2d at 749.

■ So here too, the two year statute of limitations on personal injury is the public policy of Georgia and it cannot be extended by the legislature of North Carolina.

The purpose behind the North Carolina tolling statute would not be furthered by applying it in this case. It is designed to keep a North Carolina cause of action alive if the defendant leaves the state. This is to protect the citizens of North Carolina and to keep them from having to pursue an out of state defendant in order to assure that the cause of action will not lapse. To adopt plaintiff's contention here, would mean, that the defendants would be perpetually amenable to a suit in this action unless they choose to move to North Carolina and live there until the statutory time runs out. Such a result is absurd and contrary to the Georgia policy of limiting the time in which actions may be brought.

Even though the Georgia statute of limitations applies and it is not affected by any legislative extensions that would be available in North Carolina, it might be possible that plaintiff could extricate himself from the statute of limitations by invoking the Georgia Renewal Statute. 3 Ga.Code Ann. § 808 (1973 Supp.) This statute, as amended in 1967 reads, in part:

> If a plaintiff shall discontinue or dismiss his case, and shall recommence

within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case . . .."

The record shows that plaintiff filed an action in the United States District Court for the Southern District of West Virginia, Charleston Division, which was based upon the same incident as the instant case against the same parties who are defendants here. That action was dismissed when the Court granted a motion to quash the service of summons and complaint, and the return of service. The Court concluded that it was without jurisdiction.

 Under those facts the Court apprehends that the Georgia Renewal Statute does not act to bar the running of the statute of limitations. As the Fifth Circuit Court of Appeals stated in Lillibridge v. Riley, 316 F.2d 232, 233 (5th Cir. 1963):

> In order for the Georgia Renewal Statute to prevent the operation of the statute of limitations, the first suit must have been one in which the court had jurisdiction of the parties and of the subject matter.

It further appears that plaintiff has not properly shown the Court that the Renewal Statute should apply to this situation.

> In order to show the right to renew the suit within six months after the dismissal of a prior suit on the same cause of action, when such right is relied upon to relieve the plaintiff of the bar of the statute of limitations, it is necessary for the renewal petition to show affirmatively that the former petition was not a void suit, that it is such a valid suit as may be renewed under Code § 3–808, that it is based

upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition. Morrison v. Bowen, 106 Ga.App. 464, 127 S.E.2d 194 (1962).

Finally, the Georgia courts have stated that the Renewal Statute is not applicable where the original suit was filed in federal court, but rather, it is applicable only to suits originally filed in the state courts of Georgia. Webb v. Southern Cotton Oil Co., 131 Ga. 682, 63 S.E. 135 (1908); Nevels v. Detroiter Mobile Homes, 124 Ga.App. 112, 183 S.E.2d 77 (1971); Sherrill v. United States Fidelity & Guaranty Co., 108 Ga.App. 591, 133 S.E.2d 896 (1963); Anderson v. Southern Bell Telephone & Telegraph Co., 108 Ga.App. 314, 132 S.E.2d 820 (1963).

Plaintiff points out the disastrous result to his claim which results from a holding that the statute of limitations bars its enforcement. So it is with all suits thus barred. Statutes of limitations are legislative in origin and have been acknowledged to be of value. The Court's function is not to inquire whether or not the law should be enforced. The Court's inquiry is limited to the ascertainment of the law and its duty is to apply the law thus discovered fairly to the litigants.

The cause of action remains. It cannot be enforced here. Whether or not another forum be yet available (North Carolina?) is not decided in this order.

In conclusion, for the reasons stated in this order, the Court denies Shelby's motion to dismiss pursuant to Rule 12 (b)(1) and grants its motion to dismiss pursuant to Rule 12(b)(6).