Leonard **TURNER**, Paul Andrews, Jr., Roosevelt Jackson, Roy Strickland, Charles Goodrum, Thomas McGuire, Norman Cox, Rufus Patterson, Bud Parker

v.

McWHIRTER MATERIAL HANDLING CO., Inc.

Civ. A. Nos. 8480–8486, 8489, 8498.

United States District Court
N. D. Georgia,
Atlanta Division.

March 23, 1964.

On Motion to Intervene April 15, 1964.

Wilson, Branch, Barwick & Vandiver, Atlanta, Ga., for plaintiff.

Smith, Swift, Currie, McGhee & Hancock, Atlanta, Ga., for defendant.

Beverley R. Worrell, Regional Atty. U. S. Dept. of Labor, Atlanta, Ga., for intervenor.

MORGAN, District Judge.

The defendant in the above-styled cases, on February 5, 1964, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, contending that it is entitled to judgment as a matter of law as there is no genuine issue as to any material fact. Attached to the defendant's motion are affidavits of its President, Mr. George H. McWhirter, Jr.; Max Hyman, Manager of Industrial Disposal Company of Louisville, Kentucky; Dean L. Buntrock, Manager of Ace Scavenger Service of Cicero, Illinois; and Robb Tyler, President of Robb Tyler, Inc., of Baltimore, Maryland. All of these affidavits provide similar statements to the effect that the services provided for the trash removal industry are considered as retail services within the industry.

On March 2, 1964, the plaintiffs moved this Court to dismiss the defendant's motion for summary judgment on the ground that the pleadings, answers to interrogatories, and affidavits show that there is a genuine issue of material fact and that, therefore, the defendant is not entitled to a judgment in its favor as a matter of law. All of the plaintiffs herein have attached affidavits which state that the business of the defendant is not that of a retail service establishment, but rather indicate that the trash and disposal waste definitely has resale value in that it is greatly depended upon to rehabilitate useless lands, to manufacture steam, and to manufacture paper.

Each side has filed a motion to strike the affidavits of the other, but the Court overrules both these motions, as there is enough admissible evidence in these conflicting affidavits to warrant further development of the facts.

The law is well settled that in order to entitle the moving party to summary judgment, it must be clearly shown: (1) that there is no genuine issue as to any material fact in the case; and (2) that he is entitled to a judgment in his favor as a matter of law. The rule should be invoked cautiously in order to allow a full trial where there is a bona fide dispute of facts between the parties. Summary judgment should be granted only where the moving party is entitled to judgment as a matter of law, *where it is quite clear what the truth is,* when no genuine issue remains for trial, and it is not the purpose of the rule to deny to litigants a right of trial if they really have issues to try. Sartor, et al. v. Arkansas Natural Gas Corporation, 321 U. S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Associated Press, et al v. United States, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013; Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784. It is no part of the duty of the Court to decide factual issues, but only to determine whether there are factual issues to be tried. Slagle v. United States, (5 Cir.) 228 F.2d 673.

The moving party has the burden of positively and clearly demonstrating that there is no genuine issue of fact and any doubt as to the existence of such an issue is resolved against him. Heyward v. Public Housing Administra-

tion, et al, (5 Cir.) 238 F.2d 689. A long line of cases have held that summary judgment should not be granted if there is the "slightest doubt" as to the facts; which is actually another way of stating that there is no genuine issue as to any material fact. The fact that it may be surmised that the party against whom the motion is made is unlikely to prevail at the trial is not sufficient to authorize summary judgment against him. Bruce Construction Corporation, et al v. United States, (5 Cir.) 242 F.2d 873; Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, § 1234, pp. 124 and 132. The burden is heavy on the moving party to establish clearly his right to summary judgment. See Moore's Federal Practice, 2d Ed. ¶56.11 [3]. Even in cases where the movant has technically discharged his burden, the trial court in the exercise of a sound discretion may *decline* to grant summary judgment. Moore's Federal Practice, 2d Ed. ¶56.23, p. 2340. It is likewise held that discretion plays no real role in the *grant* of a summary judgment; it being held that the granting of such judgment must be proper or such action is subject to reversal. The exercise of sound discretion applies only in *denying* such motions in appropriate circumstances. Moore's Federal Practice, 2d Ed., ¶56.24, p. 2342. National Screen Service Corporation v. Poster Exchange, Inc., 5 Cir., 305 F.2d 647.

 It is not absolutely clear to this Court what the truth is. Indeed, the plaintiffs and the defendant are in direct conflict as to what the truth is. I do not believe that, in a case in which the decision must turn on the reliability of witnesses, the Supreme Court, by authorizing summary judgment, intends to permit a "trial by affidavits", if either party objects. Arnstein v. Porter, 2 Cir., 154 F.2d 464, 471.

The motion of the plaintiffs to dismiss the motion for summary judgment filed by the defendant is granted, and the motion for summary judgment is denied.

As ample authority exists for the intervention of the United States Department of Labor as a party plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure, the motion to intervene, filed by the Department on February 26, 1964, is hereby granted.

It is so ordered.

### On Motion to Intervene

On February 26, 1964, W. Willard Wirtz, Secretary of Labor, United States Department of Labor, moved to intervene as a party plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure. Three reasons were listed as to why the intervention should be allowed:

"(1) The Secretary of Labor, United States Department of Labor, by virtue of Reorganization Plan No. 6 of 1950 (15 Federal Regulations 3174) 64 Stat. 1263, 5 U.S.C. 133z–15, effective May 24, 1950, is charged with duties and responsibilities in the administration of the Fair Labor Standards Act of 1938 (29 U.S.C., § 201, et seq.).

"(2) The above-styled actions include, among other things, the interpretation of coverage provisions of the Fair Labor Standards Act which are significant and important in the general administration and enforcement of the Act.

"(3) Since the Secretary of Labor is constantly engaged in the interpretation and administration of the Fair Labor Standards Act, his participation as a party to the actions will materially aid in the expeditious determination of the cases and will in no way delay or prejudice the adjudication of the rights of the original parties."

Each of the above-styled actions were filed by employees or former employees of the defendant, and each seeks the recovery of unpaid minimum wages or unpaid overtime compensation, or both, alleged to be due such employee-plaintiffs

under the terms of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.). The defendant's answer to each of the complaints constitutes a general denial which centers in a lack of jurisdiction of the subject matter and a lack of application of the terms of the Act to the employment of the plaintiffs by the defendant. Additionally the defendant has stated that its business comes within the exception afforded certain retail establishments by Section 13 (a) (2) of the Act [29 U.S.C. § 213(a) (2)]. The defendant has filed a motion for summary judgment based generally on the foregoing defenses.

The Secretary of Labor has filed this motion to intervene as a plaintiff, contending that the claims and defenses in the above-styled actions frame serious and important issues, which will affect the administration and enforcement of the Act. The Court allowed this intervention by order of March 23, 1964. Even though this has been done, the Court will discuss, to some extent, the defendant's motion to strike.

On February 28, 1964, the plaintiffs in the above-styled cases consented to the Secretary's motion to intervene as a party plaintiff and urged this Court to grant the leave for intervention. However, on March 9, 1964, the defendant filed a motion to strike the "motion to intervene as a plaintiff" heretofore filed by the Secretary, contending that the motion for intervention was not accompanied by a complaint or pleading setting forth the claim for which intervention is sought as required by Rule 24(c) of the Rules. The defendant further contends that the Secretary was not requested to intervene by the plaintiffs; that there are two issues of law involved which have not been finally settled; that the Secretary has agreed through his representatives that the Department of Labor would cease and abate from any further investigation in the trash removal industry and that no litigation would be instituted until a decision of the Court of Appeals

revises Modern Trashmoval [Writz v. Modern Trashmoval, Inc., 4 Cir., 323 F. 2d 451 (1963)]; that the Secretary has failed to show cause as to why he should be permitted to intervene; and, finally, intervention by the Secretary will unduly delay and prejudice the rights of the original parties.

Rule 24 of the Federal Rules of Civil Procedure provides:

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof. * * *

"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. * * *

"(c) *Procedure.* A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. When the constitutionality of an act of Congress affecting the public interest is drawn in question in any action to which the United States or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of the United States as provided in Title 28, U.S.C., § 2403. * * * "

This Court is of the opinion that this motion comes within the provisions of Rule 24, in that the Secretary is the person charged with the responsibilities of the interpretation of the Fair Labor Standards Act. The defendant's motion to strike is based upon the rather technical procedural ground that the Secretary did not file a pleading stating his claim. This has been cured by the filing of a motion to allow such a pleading, and the Court does not see how the defendant can be prejudiced thereby.

The defendant is asking the Court, in effect, to strictly construe the statute and to adhere to procedural niceties, which may have the effect of clouding the real issue and preventing justice from being done. This is not the purpose of the Federal Rules. While the procedure for intervention outlined in Rule 24 of the Federal Rules of Civil Procedure was not followed, nevertheless, the failure to comply literally with the rule has not resulted in the invasion or disregard of any substantial right. Shores v. Hendy Realization Company, 9 Cir., 133 F.2d 738.

The Court does not believe any of the grounds raised by the defendant have sufficient merit to prevail over the desire of the Secretary to intervene herein.

Consequently, the motion of the defendant to strike the motion to allow intervenor's pleading is hereby denied.

It is so ordered.