Edward A. CASH, Edmond A. Cash, Max G. Cash, William A. Dupre, III and Sem, Inc., Plaintiffs,

v.

ARMCO STEEL CORPORATION, Defendant.

Civ. A. No. C77–176R.

United States District Court,
N. D. Georgia,
Rome Division.

Dec. 11, 1978.

Edward Hine, Jr., Rogers, Magruder & Hoyt, Rome, Ga., for plaintiff.

Philip L. Fortune, Ronald G. Robey, Smith, Currie & Hancock, Atlanta, Ga., for defendants.

HAROLD L. MURPHY, District Judge.

### ORDER

This is a products liability action arising out of the failure of a dam in DeKalb County, Alabama. Plaintiffs contend that the pipe, manufactured by the defendant, Armco Steel Corporation ("Armco"), and used by the plaintiffs in the dam, failed with the result that the dam washed out in February, 1977, for which failure plaintiffs seek compensation from the defendant. Jurisdiction is invoked under 28 U.S.C. § 1332.

Plaintiffs' complaint sets out five counts against the defendant. Count I states a claim in strict liability; Count II states a claim for breach of warranty; and Counts III, IV and V state claims of negligence. Presently before the Court is defendant's motion for summary judgment on Counts I, II, IV and V of plaintiffs' complaint and on the issue of consequential damages. The defendant's contentions are (1) that plaintiffs' claims are barred by applicable statutes of limitation and (2) that consequential damages were properly excluded by agreement between the plaintiffs and Armco and are not recoverable. The Court will consider each argument in turn.

### I

Before the Court can determine whether any of the counts of plaintiffs' complaint are subject to a statute of limitations defense, the Court must ascertain the appropriate limitation on each count. The contract for the sale of the pipe was made in Georgia. The pipe was rolled and fabricated in Kentucky, warehoused in Georgia, and delivered to Alabama. The injury and damage occurred in Alabama. Thus, the Court is faced initially with a conflict of laws problems.

In diversity of citizenship cases, the federal courts, when deciding questions of conflict of laws, must follow the rules prevailing in the States in which they sit. *Klaxon Company v. Stentor Electric Manufacturing Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Court is therefore subject to the prevailing Georgia rules on conflict of laws.

In Georgia, statutes of limitation are remedial and procedural rather than substantive, *Thomas v. Clarkson,* 125 Ga. 72, 54 S.E. 77 (1906), so Georgia courts apply the statute of limitation of Georgia even when the substantive law of another jurisdiction controls. *Indon Industries, Inc. v. Charles S. Martin Distributing Company, Inc.,* 234 Ga. 845, 218 S.E.2d 562 (1975); *Fimian v. Guy F. Atkinson Co.,* 209 Ga. 113, 70 S.E.2d 762 (1952). Thus, the Court must apply the Georgia statutes of limitation which provide that the cause at issue shall be brought as an action within four years after the right of action accrues. *Ga. Code Ann.* §§ 3-1001, 1002.[1] However, this does not neces-

---

1. These statutes provide as follows:

   3-1001 *Trespass upon or damage to realty—*
   All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues.

   3-1002 *Injuries to personalty—*
   Actions for injuries to personalty shall be brought within four years after the right of action accrues.

sarily mean that the date of accrual of this action, a matter of substantive law, is determined by Georgia law as well.

"The law of the place where the tort or wrong has been committed is the law by which liability is to be determined. The place of the wrong is the place where the injury was sustained rather than where the acts were committed. It is the place where the last event necessary to make an actor liable for an alleged tort takes place." *Orr v. Sassaman*, 239 F.2d 182, 186 (5 C.A. 1957); *Brooks v. Eastern Air Line, Inc.*, 253 F.Supp. 119 (N.D.Ga.1966); *Whitaker v. Harrell Kilgore Corp.*, 418 F.2d 1010 (5 C.A. 1969).

Since the injury and damage in this action occurred in Alabama, after delivery and installation of the pipe in that state, the law of that state is the applicable substantive law of liability in this action. *Hudnall v. Kelly*, 388 F.Supp. 1352 (N.D.Ga. 1975); *Baron Tube Company v. Transport Insurance Co.*, 365 F.2d 858 (5th Cir. 1966); *Western & Atlantic R.R. Co. v. Strong*, 52 Ga. 461 (1874). Thus, while the Georgia statute of limitations is to be applied, it is for Alabama law to determine when the cause of action accrued. *Baron Tube Company v. Transport Insurance Company, supra.*

█ It appears to be the rule in Alabama that an action in tort accrues and the time of limitation begins to run when injury happens or damage accrues, and not from the date of the act causing the injury or damage. *Sanderson v. Ford Motor Company*, 483 F.2d 102 (5th Cir. 1973). That is to say that a cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon. *Home Insurance Co. v. Stuart-McCorkle, Inc.*, 291 Ala. 60, 285 So.2d 468 (1973).

The pipe which is the subject of the instant action was sold by Armco to the plaintiffs in August or September of 1972. It was installed in the dam in September of 1972. After its installation the pipe improperly deflected. At that time plaintiffs' cause of action accrued. However, no evidence has been shown the Court to establish when the deflection actually occurred and plaintiffs' cause of action accrued. This is crucial in determining whether the statute of limitations has run on plaintiffs' claims in tort.

Defendant Armco relies on paragraph 17 of plaintiffs' complaint to establish that plaintiffs' cause of action accrued more than four years before suit was commenced. In paragraph 17 plaintiffs allege that within one year after the installation of the pipe [September, 1972] it began to show a noticeable deflection and distortion. Defendant argues quite logically that since the deflection must have occurred either before or at the time of its discovery, and since its discovery must have occurred before or during September, 1973, then plaintiffs' cause of action must have accrued no later than September, 1973. Reasoning thusly, defendant concludes that since this action was not filed until December, 1977, it is barred by Georgia's four-year statute of limitations.

█ However, discovery in this action has revealed that plaintiffs did not discover the deflection until January, February or March, 1974. *See* Answer # 10 to Defendant's First Interrogatories; Deposition of Edward A. Cash (Second), pages 62–63; Deposition of Max Cash, page 169, lines 2–6. It is clear under Rule 15, Fed.R.Civ.P., that plaintiffs could amend their complaint to conform to these discovered facts,[2] and that the Court is not limited to the pleadings in determining a motion for summary judgment, Fed.R.Civ.P. 56(c). Furthermore, the burden is on the party moving for summary judgment to show the absence of any genu-

---

2.  The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85 (1957).

ine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. *Weinberger v. Hynson, Westcott & Dunning,* 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973); *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States Steel Corp. v. Darby,* 516 F.2d 961 (5th Cir. 1975). Having failed to establish the fact that plaintiffs' cause of action accrued more than four years before this suit was commenced, the defendant's motion for summary judgment as to Counts I, IV and V must be denied. The Court notes that plaintiffs have conceded that Count II of plaintiffs' complaint is barred by the applicable statute of limitations and summary judgment is granted defendant as to that count.

## II

Defendant Armco's motion for summary judgment on the issue of consequential damages calls for an interpretation by the Court of the terms of the agreement· between Armco and the plaintiffs. The Court must first determine what law would govern a Georgia court's interpretation of a contract made in Georgia but to be performed in another state. Under Georgia law, the law of the place of the making of a contract will control with respect to matters of that contract's interpretation. *Float-Away Door Co. v. Continental Cas. Co.,* 5 Cir., 372 F.2d 701, *certiorari denied* 389 U.S. 823, 88 S.Ct. 58, 19 L.Ed.2d 76 (5th Cir. 1966). Thus, as a federal court sitting in diversity, this Court will apply Georgia law to the interpretation of the contract between Armco and the plaintiffs.

The transaction from which this suit has arisen involved a sale of goods. Article 2 of the Georgia Uniform Commercial Code governs "transactions in goods". *Ga. Code Ann.* § 109A–2–102. Article 2 allows a seller to limit its liability and to exclude certain types of damages stating specifically in *Ga. Code Ann.* § 109A–2–719 as follows:

(1) Subject to the provisions of subsections (2) and (3) of this section and of the preceding section on liquidation and limitation of damages,

(a) the agreement may provide for remedies in addition to or in substitution for those provided in this Article and may limit or alter the measure of damages recoverable under this Article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replace of nonconforming goods or parts; and

(b) resort to a remedy as provided in optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an· exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this Act.

(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

Armco limited its damages in accordance with the above section and excluded any liability for consequential damages in an "Acknowledgment" sent by Armco to Edward Cash to confirm his order for the plaintiffs' purchase of pipes. On the back of the "Acknowledgment" are set forth "Conditions of Sale". Paragraph 7 of the Conditions is as follows:

7. There are no understandings, terms or conditions not fully expressed herein. There is no implied warranty or condition except an implied warranty of title to, and freedom from encumbrance of, the products sold hereunder, and in respect of products bought by description that they are of merchantable quality. Seller's liability hereunder shall be limited to the obligations to replace products proven to have been defective in quality or workmanship at the time of delivery, or allow credit therefor at its option. In no event shall seller be liable for consequential damages or claims for labor.

Interrogatory 12 of Armco's First Interrogatories to the plaintiffs asked what damages claimed by plaintiffs in their complaint were consequential damages within the meaning of § 2–715(2) of the Uniform Commercial Code. That section, to which *Ga. Code Ann.* § 109A–2–715(2) is identical, reads as follows:

Consequential damages resulting from the seller's breach include

(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(b) injury to person or property proximately resulting from any breach of warranty.

Plaintiffs responded that all damages claimed by them were consequential damages.

On the basis that it properly excluded consequential damages pursuant to the Georgia Uniform Commercial Code, Armco argues that summary judgment is appropriate as to consequential damages and furthermore, by plaintiffs' own admission, as to all damages. Although defendant Armco may technically have met its burden under Rule 56, Fed.R.Civ.P., the Court is not persuaded that summary judgment is appropriate under these circumstances.

It is clear that contractual exclusions of consequential damages are valid. *Fredonia Broadcasting Corp. v. RCA Corp.*, 481 F.2d 781 (5th Cir. 1973). The question remains whether an exclusion of consequential damages will preclude recovery of special damages in tort.[3]

■ It has been established that a seller's disclaimer of negligence will be enforced where the contract specifically mentions "negligence," "tort" or cognates

thereof, however the contract must be clear and unequivocal in its warning that the buyer thereby waives his common law right to recover any damages which might result from the seller's negligence, even in a commercial context. *Jig the Third Corp. v. Puritan Marine Insurance Underwriters Corp.*, 519 F.2d 171 (5th Cir. 1975). The Court finds no such clear and unequivocal warning to plaintiffs in defendant's exclusionary clause here and therefore defendant's exclusion of consequential damages does not preclude plaintiffs' recovery of special damages in tort.

■ The exclusionary clause in the case at bar does not explicitly embrace general and special damages but excludes only consequential damages. In examining other limitations of damages clauses, the Third Circuit has observed that the use of the term "consequential damages" refers to contract rather than tort damages. *Berwind Corporation v. Hilton Industries, Inc.*, 532 F.2d 1, 7 (3d Cir. 1976). Without relying solely on this general observation, the Court finds that in the instant action the use of the term "consequential damages" was a reference to contract rather than tort damages.

The purpose of paragraph 7 of the Conditions of Sale, *supra*, was to disclaim all implied warranties other than those of title, freedom from encumbrance and merchantability, to set up an exclusive remedy for any breach of the implied warranty of merchantability, and to exclude consequential damages. Construing the words most strongly against the defendant,[4] the Court cannot but conclude that where the remainder of paragraph 7 dealt with disclaiming contractual obligations and limiting remedies available to plaintiffs upon defendant's breach of the contract, the exclusion of "consequential damages" was intended to

---

3. This remains the issue notwithstanding plaintiffs' response to Interrogatory 12 of Armco's First Interrogatories to the plaintiffs. It is the province of the Court to characterize damages and the Court is not bound by plaintiffs' "admission".

4. There is no doubt that the law is and perhaps always has been that "contracts against liability for negligence are not favored by the law", and will be construed strictly, with every doubt resolved against the party seeking their protection. *Neville Chemical Company v. Union Carbide Company*, 422 F.2d 1205 (3d Cir. 1970).

exclude such damages in contract and not in tort, if indeed there can be consequential damages in tort.

Furthermore it is implicit in the statutory definition of "consequential damages" to which defendant Armco refers in its Interrogatory 12, U.C.C. § 2–715(2), that "consequential damages" result from a breach of contract or warranty.[5]

Plaintiffs have conceded that Count II of their complaint, which alleged a breach of warranty, is barred by statute of limitations. The remaining counts at issue in this summary judgment motion all state causes of action in tort. Even though the Court finds defendant's exclusion of consequential damages valid insofar as it pertains to damages in contract, it would be meaningless for the Court to grant defendant's motion for summary judgment as to the issue of consequential damages. Therefore, the Court declines to do so.[6]

Having thus resolved the issue of "consequential damages", it is unnecessary for the Court to address the issues of whether the exclusionary clause was a clause of limitation or exculpation and whether the exclusionary clause was actually a part of the contract between plaintiffs and Armco.

ACCORDINGLY, defendant's motion for summary judgment is granted as to Count II, denied as to Counts I, IV and V, and denied as to the issue of consequential damages.

---

**5.** It has been noted that the drafters of the code expressly declined to include any U.C.C. provisions dealing with limitations of damages for negligence or strict liability. *Jig the Third Corp. v. Puritan Marine Insurance Underwriters Corporation*, 519 F.2d 171 (5th Cir. 1975).

**6.** Even in cases where the movant has technically discharged his burden, the trial court in the exercise of sound discretion may *decline* to grant summary judgment. (citation omitted)

It is likewise held that discretion plays no real role in the *grant* of a summary judgment; it being held that the granting of such judgment must be proper or such action is subject to reversal. The exercise of sound discretion applies only in *denying* such motions in appropriate circumstances. (citations omitted) *Turner v. McWhirter Material Handling Co.*, 35 F.R.D. 560 (N.D.Ga.1969).