Sidney PAGE, Plaintiff-Appellant,

and

Liberty Mutual Insurance Co., Intervenor-Appellant,

v.

GULF OIL COMPANY, et al., Defendants,

Joy Manufacturing Company, Defendant-Appellee.

No. 86–3645
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 13, 1987.

---

**26.** *Nolan v. A.H. Basse Rederiaktieselskab,* 267 F.2d 584, 589 (3d Cir.1959).

Joseph J. Weigand, Jr., Houma, La., for Page.

Kenny M. Charbonnet, Jefferson, La., for Liberty Mut. Ins. Co.

John J. Cooper, New Orleans, La., for defendant-appellee.

Before GEE, REAVLEY, and JOLLY, Circuit Judges.

PER CURIAM:

 As Mr. Rhynes would have had us do for Texas[1], Mr. Page would have us adopt for Louisiana the so-called "product line" theory of liability followed in a very few jurisdictions: that a successor business entity, not otherwise at fault, which continues to manufacture a line of products of an acquired business assumes by force of law strict liability for defects in units of that line manufactured *by its predecessor*. As we there noted, it is not our place, as a federal court sitting in diversity—a surrogate state tribunal, to adopt novel legal theories for the jurisprudence of any state. As we declined to do so for Texas, so we decline to do so for Louisiana. Indeed, insofar as Louisiana has declared itself on the subject of the "product line" theory, it seems to be hostile to it. *Bourque v. Lehmann Lathe, Inc.*, 476 So.2d 1125 (La.App. 3rd Cir.1985) (defendant must be responsible in some manner for plaintiff's injuries before liability attaches; deep pocket not sufficient).

Mr. Page points to a clause in the agreement of purchase by which the defendant Joy Manufacturing Company acquired its manufacturing business that "This Agreement shall be construed in accordance with the internal laws of California," asserting that this causes the law of California—one of the few states recognizing the "product line" theory—to govern his tort claim against Joy. Mr. Page had no part in that agreement, however, and his claim for damages does not arise from it or turn upon any particular construction of it. Rather, it arises from a claimed defect in a unit manufactured by Joy's predecessor, long before the agreement was entered into. In these circumstances, it is all too plain that the accord of the parties to the contract regarding how it should be construed vis-a-vis each other is of no help to Page's cause. His injuries occurred on a fixed platform off the Louisiana coast, a locus governed by Louisiana law as surrogate federal law pursuant to the Outer Continental Shelf Lands Act. 43 U.S. Code §§ 1331 *et seq.* Summary judgment for Joy was correct and must be

AFFIRMED.

---

1. *Rhynes v. Branick Mfg. Corp.*, 629 F.2d 409 (5th Cir.1980) (declining to adopt "product line" theory of liability).