A89A0354. WILLIAMS v. CITY ICE COMPANY.
(380 SE2d 341)

BANKE, Presiding Judge.

Williams brought this action to recover damages for personal injuries he sustained when his hand became caught in the blade of an

ice crushing machine on the appellee's premises. The complaint was based on theories of strict liability, negligent installation and maintenance of the equipment, failure to provide warnings, and intentional trespass. The trial court granted summary judgment to the appellee as to each claim, and the appellant filed this appeal.

Williams and his foreman had been sent by their employer to the appellee's place of business for the purpose of obtaining crushed ice, which they were to load into cardboard boxes and transport to their employer's plant. The appellee's ice machine delivered crushed ice through an overhead chute containing a screw auger mechanism. After his foreman demonstrated the operation of the machine, Williams filled two boxes without incident. He was injured in the process of filling the third box, when a shovel he was using to pack the ice became caught in the auger, drawing his hand into the machine. Williams conceded during his deposition that he had observed the operation of the auger mechanism prior to the accident and appreciated the potential hazard created by it. *Held*:

1. The trial court properly ruled that a strict liability claim lies only against the manufacturer and not against the mere owner of a product. See OCGA § 51-1-11 (b) (1); *Ellis v. Rich's*, 233 Ga. 573 (212 SE2d 373) (1975); *Hatcher v. Allied Prods. Corp.*, 256 Ga. 100 (3) (344 SE2d 418) (1986).

2. The appellee was also entitled to summary judgment on the negligence claims. If an invitee already has knowledge of a hazard, there is no duty on the part of the landowner to warn him; and by "voluntarily acting in view of his knowledge, [the invitee] assumes the risks and dangers incident to the known condition. [Cit.]" *Amear v. Hall*, 164 Ga. App. 163, 168 (296 SE2d 611) (1982). A fact issue is not created in this case by Williams' invocation of the "distraction doctrine." See generally *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348, 351 (349 SE2d 241) (1986); *Magee v. Federated Dept. Stores*, 187 Ga. App. 620 (371 SE2d 99) (1988). This theory of recovery was specifically negated by Williams' admission during his deposition that nothing had occurred prior to the accident to divert his attention from the task at hand and that "everything was quiet" at the time. Finally, since there was no allegation or showing that the ice machine had malfunctioned, the trial court was authorized to reject the claim of negligent installation and maintenance.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

Decided March 13, 1989.

*Jack C. Bell, James M. Walters*, for appellant.
*Neely & Player, Ronald D. Reemsnyder, David C. Marshall*, for

appellee.